UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Adalaide Elaine Craker, | ) | Case No. 05-54201 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

ORDER AND OPINION CONFIRMING
TERMINATION OF THE AUTOMATIC STAY

This matter came before the Court for hearing on February 8, 2006 upon the Motion by CitiFinancial Auto Ltd. ("CitiFinancial") to Confirm Termination or Absence of the Automatic Stay. At the hearing, James E. Vaughan appeared on behalf of CitiFinancial. Having considered the motion and arguments of counsel, the court makes the following findings of fact and conclusions of law:

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 10, 2005 (the "Petition Date"). On October 29, 2004, the Debtor executed a simple interest motor vehicle contract and security agreement in the original principal amount of $13,799 that granted CitiFinancial a security interest in a 2001 Ford Windstar (the "Vehicle"). CitiFinancial perfected its security interest, as is evidenced by a notation of a first lien on the Vehicle's Certificate of Title.

Along with her voluntary petition, the Debtor filed a Statement of Intention stating with regard to the Vehicle that "Debtor will retain collateral and continue to make regular payments." Pursuant to 11 U.S.C. § 362(j), Citifinancial seeks confirmation that the automatic stay terminated under 11 U.S.C. § 362(h) thirty days after the Petition Date. CitiFinancial contends

that because the Debtor failed to file a Statement of Intention as required under 11 U.S.C. § 521(a)(2) stating that the Debtor would surrender the Vehicle, or that the Debtor would retain the Vehicle and either redeem or reaffirm.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), § 521(2)(A) provided that if a debtor schedules debts which are secured by property of the estate, the debtor must file a statement of intention "with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property" within 30 days after the date of the filing of a petition under Chapter 7, or on or before the date of the meeting of creditors, whichever is earlier.  In In re Belanger, 962 F.2d 345 (4th Cir. 1992), the Fourth Circuit found that § 521(2) was merely a procedural provision that required notice to a lien creditor if a debtor intended to retain or surrender property and, if applicable, indicate whether the debtor intended to exempt the property, redeem it, or reaffirm the underlying debt.  Id. at 347.  The court stated:

> Nothing in section 521(2) requires the debtor to choose redemption, reaffirmation or surrender of the property to the exclusion of all other alternatives although no other alternatives are provided for in the Code. That section merely requires a statement of whether the debtor intends to choose any of those options, *if applicable*.

Id. at 348.

The 2005 amendments to the Bankruptcy Code altered the underlying statutory framework upon which Belanger was decided.  As a result of BAPCPA, § 521(2) has now become § 521(a)(2). While subsection (A) of the new § 521(a)(2) is unchanged, subsection (C) now provides, "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or

the trustee's rights with regard to such property under this title, *except as provided in section 362(h)*." 11 U.S.C. § 521(a)(2)(C) (emphasis added).  Thus, the revised § 521(a)(2)(C) incorporates an exception, as set forth in the new § 362(h), to a general rule that nothing in § 521(a)(2)(A) and (B) changes rights with respect to collateral.  Under BAPCPA, § 362(h)(1)(A) provides:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable.

11 U.S.C. § 362(h)(1).  According to this section, the automatic stay terminates with respect to personal property if, within the applicable time set by § 521(a)(2), the debtor  (1) fails to file any statement of intention, or (2) fails to indicate in the statement of intention that the debtor will either surrender or retain property, and if retaining property, that the debtor will redeem, reaffirm, or (in the case of a lease) assume.  Thus, while § 521(a)(2)(A) and (B) do not generally alter a debtor's or trustee's rights with regard to personal property that serves as collateral, § 362(h)(1)(A) provides for an exception in which, under certain circumstances, the stay is

terminated.[1]

In this case, the Debtor was required by § 521(a)(2) to file her Statement of Intention thirty days after the Petition Date. If the Debtor had failed to file her Statement of Intention within that time period, the automatic stay would have terminated with respect to the Vehicle pursuant to § 362(h)(1); however, the Debtor filed her Statement of Intention in a timely manner. Nevertheless, pursuant to § 362(h)(1) the Debtor was also required to indicate on her timely filed Statement of Intention that she was either surrendering or retaining the Vehicle, and if retaining the Vehicle, that she was either redeeming the Vehicle or reaffirming the underlying debt. The Debtor failed to do so. Because the Debtor failed to indicate one of the options set forth in § 362(h)(1), the automatic stay terminated with regard to the Vehicle thirty days after the Petition Date.[2]

IT IS SO ORDERED.

---

[1] Section 362(h)(1)(A) is limited by § 362(h)(1)(B), which provides that the stay is not terminated as to collateral if the debtor proposed to reaffirm such debt on the original contract terms and the creditor refused to do so.

[2] The court is making no finding as to whether the Debtor is in default under the terms of her contract and security agreement with CitiFinancial. CitiFinancial is simply permitted to take whatever action is permitted under state law.

# SERVICE LIST

William V. Bost
207 West Kerr Street
P. O. Box 4134
Salisbury, NC 28145-4134

James E. Vaughan
Suite 2-A
206 N. Spruce Street
Winston-Salem, NC 27101-2747

C. Edwin Allman, III
P.O. Drawer 5129
Winston-Salem, NC 27113-5129

Adalaide Elaine Craker
1211 Rainwood Drive
Salisbury, NC 28146

Michael D. West
P. O. Box 1828
Greensboro, NC 27402